# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN HERNANDEZ, et al., | CASE NO. CV F 09-0251 LJO DLB |
| Plaintiff, | **ORDER TO DISMISS FOR DISOBEDIENCE OF ORDER** |
| vs. | (Doc. 9.) |
| CALIFORNIA RECONVEYANCE COMPANY, et al., | |
| Defendants. / | |

## BACKGROUND

This Court's February 23, 2009 order ("February 23 order") dismissed this action without prejudice and granted plaintiff Ruben Hernandez ("plaintiff") up to March 3, 2009 to "file and serve (a) a first amended complaint to comply with federal pleading requirements and this Court's Local Rules; or (b) a statement that [plaintiff] abandons his claims." The February 23 order further provides: "If the first amended complaint is either filed untimely or lacks a cognizable claim and/or sufficient facts for requested relief, this Court will dismiss this action without prejudice. Due to this Court's concerns about delay tactics, this action is on a fast track for resolution." The February 23 order admonished plaintiff that "**failure to comply with this order will result in dismissal of this action.**"  (Bold in original.)

Plaintiff disobeyed the February 23 order and failed to file timely either a first amended complaint or statement that he abandons his claims.

## DISCUSSION

### Failure To Comply With Orders

This Court's Local Rule 11-110 provides that ". . . failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any

and all sanctions . . . within the inherent power of the Court." District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a court order or local rules or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

In this case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal as plaintiff indicates a lack of interest to further litigate this action. The third factor -- risk of prejudice to defendant -- also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424. The February 23 order admonished that this Court will dismiss this action if a "first amended complaint is either filed untimely or lacks a cognizable claim and/or sufficient facts for requested relief." The February 23 order admonished that "this action is on

a fast track for resolution" to warn plaintiff of the need to comply timely with orders. Finally, the February 23 order admonished plaintiff that "**failure to comply with this order will result in dismissal of this action.**" (Bold in original.) Plaintiff filed timely neither a first amended complaint nor a statement that he abandons his claims and thus failed to comply with the February 23 order. Quite simply, plaintiff has failed to comply with this Court's order or to meaningfully and intelligently respond.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES this action without prejudice; and
2. DIRECTS the clerk to close this action.

IT IS SO ORDERED.

**Dated:   March 4, 2009**                /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE